IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JANE DOE; AND PROJECT SOUTH, THE INSTITUTE FOR THE ELIMINATION OF POVERTY AND GENOCIDE, INC., <br><br> PLAINTIFFS, <br> *v.* <br><br> THE UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, AND THE OFFICE OF INSPECTOR GENERAL, <br><br> DEFENDANTS. | Civil Action No. <br><br> 1:23-cv-03205-SEG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RULE 12(c) MOTION
FOR JUDGMENT ON THE PLEADINGS**

COME NOW the Defendants in the above-styled civil action, through Ryan K. Buchanan, U.S. Attorney for the Northern District of Georgia, to oppose and respectfully request that the Court deny Plaintiffs' Motion for Partial Judgment on the Pleadings ("Motion" or "MJOP").  Doc. 42.  Plaintiff Jane Doe ("Jane") and Project South:  The Institute for the Elimination of Poverty and Genocide ("Project South") (collectively "Plaintiffs") filed this Freedom of Information Act ("FOIA") lawsuit, seeking various records from three components within the Department

of Homeland Security ("DHS"):  Immigrations Customs Enforcement ("ICE"), the Office of Inspector General ("OIG"), and the Office of Civil Rights and Civil Liberties ("CRCL").  Plaintiffs Jane Doe and Project South seek records relating to Jane Doe's immigration file and detention, as well as records related to the medical care of women in ICE custody at Stewart Detention Center in Lumpkin, Georgia.  Doc. 42.

In moving for partial motion for judgment on the pleadings, Plaintiffs make a three-fold request for this Court to find that:  (1) Defendants failed to make responsive records "promptly available" in violation of the FOIA; (2) Plaintiffs constructively exhausted their administrative remedies, which allows the Court to confer jurisdiction over those FOIA requests; and (3) Defendants should be ordered to "search for and promptly release these records, including the production of a *Vaughn* index for any records withheld and promptly produce all additional responsive documents related to the Project South and Jane Doe FOIA Requests, including the production of a *Vaughn* index for any records withheld." Doc. 42-10 at 1-2 (Proposed Order).[1]

---

[1]    Named after the case of *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), a "*Vaughn* index" is a "list containing the information claimed as exempt [under the FOIA] and the corresponding exemption under which it is claimed." *Miccosukee Tribe of Indians of Fla. v. U.S.,* 516 F.3d 1235, 1258 (11th Cir. 2008).

The purpose of Plaintiffs' Motion is unclear here where Plaintiffs ask this Court to order Defendants to do something Defendants are already doing, *i.e.*, to "search for and promptly release [ICE, OIG] records, including the production of a *Vaughn* index for any records withheld." *Id.* CRCL has already produced its responsive records, Defendants notified Plaintiffs that ICE and OIG have completed their respective searches, and the parties agreed to a rolling production schedule of non-exempt responsive records, which ICE began in November 2023, and OIG will begin on March 1, 2024.[2] Doc. 38. The parties also met with the Court in a status conference, after which the Court issued an order adopting the agreed upon production schedule, set a deadline to produce one *Vaughn* index after production is complete, set a summary judgment briefing schedule, and entered a stay of *all* litigation deadlines, "except as set forth in the order" pending adjudication of the parties' motions for summary judgment. Doc. 38.

Now in the midst of a stay, Plaintiffs filed a Motion for Partial Judgment on the Pleadings which requires agency counsel to divide their focus between

---

[2]    Each production from ICE and the forthcoming ones from OIG will be accompanied by a cover letter that explains the FOIA exemptions used to withhold any information. CRCL produced seventy-two pages of responsive documents on October 20, 2022, which was accompanied by a cover letter that explained the FOIA exemptions used to withhold any information. *See* Exhibit 1 (CRCL Response); *see also* Doc. 26, ¶¶ 41-42. CRCL's letter also notified Plaintiffs of their appeal rights. Exhibit 1.

Plaintiffs' production and responding to Plaintiffs' Motion when the issues Plaintiffs raise were admittedly preserved and could have waited until summary judgment.  Plaintiffs have not justified why any motion practice besides summary judgment briefing should occur during this Court's stay and their Motion should be denied on this basis alone.

Plaintiffs' Motion is also due to be denied for additional reasons.  First, Plaintiffs' Motion is procedurally improper, and violates Local Rule 7.1(D).[3]  Rule 12(c) of the Federal Rules of Civil Procedure allows judgment on the pleadings, but unlike Rule 56 it does not allow partial judgment on partial claims.  Here, Plaintiffs seek a judgment only on the "promptly available" requirement under FOIA, and no other aspect of FOIA.  *See generally,* MJOP.  Thus, Rule 12(c) is not the appropriate vehicle.

Second, Plaintiffs' arguments that Plaintiff Jane Doe constructively exhausted administrative remedies for her FOIA request to ICE is of no moment

---

[3]     In a courtesy email, counsel for Defendants advised Plaintiffs' counsel that its memorandum exceeded the page limits proscribed by this Court's Local Rules. Exhibit 2 (February 27-28, 2024, emails w/o attachments). Counsel for Defendants further requested that Plaintiffs withdraw the motion and file a compliant memorandum.  *Id.*  Instead, Plaintiffs chose to file a motion to exceed the page limit *after* the brief was filed instead of withdrawing the motion and first seeking permission from the Court as required by L.R. 7.1(D).  *Id.* (email reply from Plaintiffs' counsel expressing "every confidence" that their motion will be granted).  Defendants intend to file a motion to exclude consideration of Plaintiffs' nonconforming brief.

because ICE is not contesting this issue.  To the extent Plaintiffs claim that they constructively exhausted their administrative remedies for their FOIA request to CRCL, that claim fails because they have not filed an appeal challenging the responsiveness of the documents CRCL provided. Rather than file an appeal as required by law, Plaintiffs filed this present action to circumvent the law simply because it needs information to support its other litigation activities.

Third and more fundamentally, even if Plaintiffs are able to pursue their motion, it should be denied.  Plaintiffs' motion appears to be premised on a fundamental misunderstanding of the FOIA as courts ruling on the "promptly available" requirement have denied motions like Plaintiffs under similar circumstances.  Based on the foregoing, and for the reasons set forth below, Plaintiffs' motion should be denied.

## LEGAL STANDARD

A motion for judgment on the pleadings "is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *In re Accutane Prods. Liab.,* 2011 WL 6224546, at *1 (M.D. Fla. Nov. 9, 2011) (citing *Hawthorne*, 140 F.3d at 1370).  In considering a  motion for judgment on the pleadings, the court shall "accept as true all material facts alleged in the non-moving party's pleading" and view them "in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate where

there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.") (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). Further, because Rule 12(c)provides judicial resolution at an early stage of a case, the party seeking judgment on the pleadings shoulders a "heavy burden of justification." *District No. 1 Pax. Coast Dist., Marine Engineers Beneficial Ass'n AFL-CIO v. Liberty Maritime Corp.,* 933 F.3d 751, 760 (D.C. Cir. 2019).[4] "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *See Stanton v. Larsh,* 239 F.2d 104, 106 (5th Cir.1956).[5]

## ARGUMENT

### I. Plaintiffs Have Not Justified Why Any Motion Practice Besides Summary Judgment Briefing Should Occur During This Court's Stay.

It is unclear now that a stay has been issued with the Court's established deadlines why Plaintiffs are filing a motion with arguments about timeliness and expedited requests arguments.  CRCL has made its production, ICE is making a

---

[4]    Courts of Appeals, including this Circuit sometimes look to the DC Circuit, which supplies the majority of caselaw interpreting the FOIA due to the presence of many government agencies in that Circuit. *Miccosukee,* 516 F.3d at 1257 n.23.

[5]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent those decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

rolling production, and OIG is beginning its rolling production on March 1st -- all per the agreement of the parties and under court supervision. *See* Doc. 38.

Plaintiffs claim that they have waited "over a year since [Jane Doe's] last appeal," and "almost eighteen months" for production to begin after the initial requests were submitted to OIG and CRCL. MJOP at 2-3, 26. But Plaintiffs fail to explain why they waited 8 months after they appealed ICE's six-page FOIA production, and a year after their July 2022, FOIA request to OIG to file this lawsuit on July 15, 2022. Doc. 1. They filed no appeal after CRCL responded on October 22, 2022, and did not file suit until nine months later. *Id.* Plaintiffs also claim that the information is needed because of statute of limitations concerns in their potential Federal Tort Claims Act ("FTCA") cases, but they do not assert that they have taken any action to file an SF 95 claim with ICE to preserve those claims, which could be administratively presented to ICE now before production ends. Plaintiffs can also get the documents they need during the discovery in the FTCA litigation for those cases if they don't get the relief they seek during the administrative process. Instead, Plaintiffs chose to wait and engage in extra motion practice. Doc. 42.

As for the other issues in the Motion ("promptly available" requirement, and constructive exhaustion), they were already preserved, and could have been incorporated with the summary judgment briefing after Defendants' final

production of records and *Vaughn* index.   Accordingly, this Court should reject
Plaintiffs' efforts to disrupt the case management schedule and deny the motion.

## II.    Plaintiffs' Motion For Partial Judgment On The Pleadings Is Procedurally Improper.

Plaintiffs' "Motion for Partial Judgment on the Pleadings" on the
"promptly available" requirement of FOIA is procedurally improper.  Rule 12(c)
provides that "'[a[fter the pleadings are closed – but early enough not to delay
trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12)(c).
Conversely, Rule 56, which governs summary judgment, expressly allows for
judgment on "part of [a] claim or defense."  Fed. R. Civ. P. 56(a).  Although Rule
56 expressly allows for judgment on 'part of [a] claim or defense,' such language
is conspicuously missing from Rule 12(c).  *Compare* Rule 12(c), *with*  Rule 56(a); *see
also Affordable Aerial Photography Inc. v. Abdelsayed*, No. 21-81331-CIV-
Cannon/Reinhart, 2022 WL 1124795 (S.D. Fla. April 15, 2022), * 5 ("[W]here
Congress includes particular language in one section of a statute but omits it in
another section of the same Act, it is generally presumed that Congress acts
intentionally and purposely in the disparate inclusion or exclusion."); *Rusello v.
United States*, 464 U.S. 16, 23 (quoting *U.S. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.
1972)).  Most courts who have directly faced this issue have "recognized – and
given meaning to – this distinction between Rule 56 and Rule 12." *BBL, Inc. v. City*

*of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (recognizing that  motions under Rule

12(b) and (c) "[do not] permit piecemeal dismissals of *parts* of claims"); *Kenall Mfg.*

*Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) ("That the

[Federal Rules of Civil Procedure] explicitly provide for summary judgment on

part of a claim under Rule 56(a) but not for judgment on part of a claim

under Rule 12(c) counsels strongly against reading Rule 12(c) to implicitly permit

such judgments."); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-

Civ, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) (finding that "Rule 12(c)'s

language contains no provision for a 'partial' judgment on the pleadings directed

to only a portion of a single claim," but also citing cases that hold otherwise).

The Eleventh Circuit, in considering this issue, has affirmed its district

courts' grant of partial judgment on the pleadings, but the issue of partial versus

complete judgment was not specifically raised.  *Gemini ins. Co. v. Castro,*  723

F.App'x 797, 801-02 (11th Cir. 2018); *Payme v. Doco Credit Union,* 734 F.App'x 623,

627 (11th Cir. 2018); *Barnwell v. Douglas Cty.,* 390 F.App'x 862, 864 (11th Cir. 2010).

Absent any express direction from the Eleventh Circuit, this Court should not add

meaning to Rule 12(c)'s plain text, and rule that Plaintiffs' Motion is procedurally

improper.  *Munro*, 2021 WL 894380, at *2.

**III.    Plaintiffs Failed To Exhaust Administrative Remedies Regarding Their FOIA Request To CRCL.**

Plaintiffs also seek a ruling from the Court (with regards to Jane Doe's FOIA request to ICE) that Plaintiff Jane Doe constructively exhausted her administrative remedies prior to filing this action, and that this Court has subject matter jurisdiction over that request.  MJOP at 23.  As a preliminary matter, a motion for judgment on the pleadings is not a proper vehicle to determine specific issues in a case.  *See supra* at 8.  Moreover, "constructive exhaustion" occurs if an agency fails to provide documents consistent with the FOIA.  5 U.S.C. § 552(6)(c)(i).  However, this argument is curious to ICE because ICE never asserted that Plaintiffs failed to exhaust administrative remedies with regards to the Jane DOE FOIA request.

To the extent Plaintiffs claim that they constructively exhausted administrative remedies with regards to their request to CRCL, Plaintiffs' arguments on this issue are flawed for two reasons.  First, Plaintiffs incorrectly state that CRCL never provided documents in response to their FOIA request.  Second, Plaintiffs never filed an appeal as required by DHS's FOIA regulations.

In their Motion, Plaintiffs state that CRCL "has not produced any documents as of this motion."  *See* MJOP at 3.  However, this is wholly inaccurate.  Plaintiffs submitted their FOIA request on July 2, 2022, and CRCL provided

10

responsive documents to Plaintiffs on October 22, 2022.  *See* Exhibit 1 (CRCL's

FOIA Response).  CRCL's production included seventy-two pages of information

with appropriate redactions, and counsel for Plaintiffs acknowledged receipt of

the documents on more than one occasion, with the most prominent

acknowledgement being in their First Amended Complaint ("Amended

Complaint").  *See* Doc. 26  (Amended Complaint) at 21, ¶42 (alleging that "[o]n

October 20, 2022, CRCL provided a 'final response' and released 72 pages of

records and cited to its exemptions (b)(5),(b)(6), and (b)(7)(c) under the FOIA as

reasons for withholding information within the same.").  Plaintiffs' own

allegations undermine their arguments that CRCL ignored Plaintiffs' request.

They only show that CRCL received Plaintiffs request and processed it

appropriately.

     Secondly, Plaintiffs' motion is notably silent on any constructive exhaustion

arguments regarding the CRCL FOIA request because Plaintiffs never filed an

appeal with CRCL as required by law.  It is well settled that FOIA requestors

must exhaust administrative appeals prior to seeking relief in courts.  *See Allen v.*

*EEOC,* 366 Fed. Appx. 972 (11th Cir. 2010) (ruling that Plaintiff failed to exhaust

his administrative remedies before filing suit in the district court); *Lopez v. United*

*States*, 656 Fed. Appx. 957 (11th Cir. 2016); *Bonilla v. U.S. Dept. of Justice*, 535 Fed.

Appx. 891 (11th Cir. 2013); *Bory v. U.S. R.R. Retirement Bd.*, 933 F. Supp. 2d 1353

(M.D. Fla. 2013).  In *Allen*, Mr. Allen sought remedies with the court for his FOIA

request without first exhausting EEOC's appeal process.  366 Fed. Appx at 973.

Like the Plaintiffs in the present case, Mr. Allen presented no evidence that a

FOIA appeal was filed.  *Id.*  The *Allen* court thus correctly ruled that Mr. Allen

failed to exhaust his appeal, making  summary judgement proper.  *Id.*

In its October 20, 2022, letter responding to Plaintiffs' FOIA request, CRCL

advised that the Plaintiffs "had a right to appeal the above withholding

determination. . . within 90 days" and provided Plaintiffs with detailed

information about filing its appeal.  Exhibit 1.  Plaintiffs have not alleged that they

filed an appeal challenging the responsiveness of documents CRCL provided.

Plaintiffs might rely on *Oglesby v. US. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir.

1990) to justify their failure to file an appeal, but Plaintiffs' reliance on *Oglesby* is

misplaced. The *Oglesby* court found that

> 5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when ten
> days have passed without a reply from the agency indicating that it is
> responding to his request*, but that this option lasts only up to the
> point that an agency actually responds*. Once the agency has
> responded to the request, the petitioner may no longer exercise his
> option to go to court immediately. Rather, the requester can seek
> judicial review only after he has unsuccessfully appealed to the head
> of the agency as to any denial and thereby exhausted his
> administrative remedies.

*Oglesby* at 61.  As with the Army in *Oglesby*, CRCL provided the requested

documents with a cover letter indicating that Plaintiffs could appeal -- albeit after

12

twenty days since CRCL received its FOIA request -- but it was before the

Plaintiffs filed the present lawsuit.  Exhibit 2 (Feb 27-28, 2024, emails w/o

attachments).  The Plaintiffs fail to cite any legal authority in their brief, nor could

they, which allows them to evade exhaustion of an administrative appeal after

CRCL responded. *See generally* MJOP.  Accordingly, their request for judgment on

this issue should be denied.

**IV.    Plaintiffs Are Not Entitled To A Declaratory Judgment That Defendants
Violated The FOIA's "promptly available" Provision.**

Plaintiffs also seek partial judgment on the pleadings in the form of a

declaratory judgment stating that Defendants failed to make non-exempt agency

records "promptly available" as set forth in 5 U.S.C. § 552(a)(3)(A), and that

Defendants have violated "the FOIA's deadlines." MJOP at 19-23.  By the latter,

Plaintiffs are presumably—but not clearly—referring to § 552(a)(6)(A)(i)'s and

(ii)'s twenty-day deadlines for an agency to make an initial determination in

response to a FOIA request and to an administrative appeal, respectively. *See* 5

U.S.C. § 552(a)(6)(A)(i), (ii).  In their Amended Complaint, however, Plaintiffs did

not allege any claim that Defendants violated these statutory provisions, nor did

they allege a violation of the 5 U.S.C. § 552(a)(3)(A) "promptly available"

provision that they assert in their Motion so they have not even laid a pleading

foundation for judgment on those grounds.

Instead, Plaintiffs assert four counts, each of which alleged that Defendants violated different provisions of the FOIA, to wit:  Count I ( § 552(a)(4)(B) & 5 U.S.C. §  552(a)(6)(C)(i)), Count II (5 U.S.C. § 552(a)(4)(B)), and Count IV (5 U.S.C. § 552(a)(6)(E)). *See* Doc. 26 (Amended Complaint) at 23-30.  Plaintiffs admittedly included in Count III a "Failure to Make Records Promptly Available" claim (5 U.S.C. §  552(a)(6)(C)(i)), and a request in their Prayer for Relief that the Court declare Defendants to "have violated the promptly available provision of the FOIA," but nowhere did they actually plead a claim for violation of the twenty-day response deadlines set forth in 5 U.S.C. § 552(a)(6)(A)(i) and (ii). *Id.* at 31-32. It is furthermore unclear the extent to which Plaintiffs are actually pursuing relief as the proposed order submitted with their motion seeks a judgment that Defendants failed to make the responsive records "promptly available" but does not cite a particular FOIA statutory subsection. *See* Doc. No. 42-10 at 1.

Even if Plaintiffs had clearly asserted these timing claims in the Amended Complaint, the FOIA does not require agencies to produce all responsive documents within the 20-day or 30-day statutory windows in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B)(i), respectively. The statutory deadlines merely apply to an agency's "determination," and do not set a deadline for when an agency is required to produce documents. *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 40-41 (D.D.C. 2014) (recognizing that the

14

"determination" that is to be made within the statutory 20-day window "is distinct from the act of producing the requested records," and "the impact of blowing the 20-day deadline relates only to the requester's ability to get into court"). "[N]othing in the FOIA statute establishes that an agency's failure to comply with this 20-day deadline automatically results in the agency's having to produce the requested documents without continued processing." *Id.* at 40.

Furthermore, "if the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189-90 (D.C. Cir. 2013). Even then, the agency "may continue to process the request," but will do so under the court's supervision. *Id.*; *see also Lee-Lewis v. Kerry,* No. 2:13-cv-80, 2016 WL 6647937, at *9 (S.D. Ga. Nov. 2016)(same); *Scott v. IRS,* No. 18-cv-81750, 2021 WL 2882014, at *9 (S.D. Fla. July 9, 2021)(same). The remedy is not, as Plaintiffs here request, for the Court to exercise its direction to issue a declaratory judgment. Because Plaintiffs have already exercised their right to proceed in district court—which Defendants do not challenge—there is no basis to award declaratory relief.

In any event, Defendants' denial of Plaintiffs' allegations under other FOIA provisions that Defendants have not made records "promptly available" is enough to defeat Plaintiffs' motion for partial judgment on the pleadings. *See Beal*

*v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 51 (1941); *Vann v. Inst. Of Nuclear Power*

*Operations, Inc.*, No. 1:09-cv-1169-CC-LTW, 2010 WL 11601718, at *2 (N.D. Ga. July

15, 2010) ("A plaintiff is not entitled to judgment on the pleadings if the answer

raises issues of fact or an affirmative defense that, if proved, would defeat

plaintiff's recovery.").

A comparison of Plaintiffs' Amended Complaint and Defendants' Answer

to the Amended Complaint relating to the "promptly available" issue shows why

Plaintiffs' motion should be denied.  In Count III, Plaintiffs alleged that

Defendants failed to make records "promptly available" pursuant to another

FOIA provision (5 U.S.C. § 552(a)(6)(C)(i)), and they assert that Defendants failed

to make records responsive to Jane Doe's and Project South's FOIA requests

"promptly available, despite the passage of more than one year."  *See* Amended

Complaint, ¶¶ 68-73.[6]  Plaintiffs also make legal conclusions in Count III that

Defendants failed to comply with the FOIA's requirement to make responsive

records promptly available, and assert various conclusions of law allegations

about Defendants' failure to comply with FOIA's time limits in Counts I, II, and

---

[6]      Again, however, notwithstanding these allegations, Plaintiffs never squarely
asserted a violation of 5 U.S.C. § 552(a)(3)(A), the provision containing the
"promptly available" language, on which they now seek a partial judgment on
the pleadings.  *See* Doc. 26 at 26; MJOP at 19.

IV.  Amended Complaint, ¶¶ 49-53, 55-64, and 79-88. Yet even assuming such

legal conclusions are sufficient on a Rule 12(c) motion, Defendants denied each of

those paragraphs when they answered Plaintiffs' Amended Complaint. *See* Doc.

31 (Answer) ¶¶ 49-53, 55-64, 68-73 and 79-88. Defendants likewise denied that

Plaintiffs were entitled to the declaratory relief (or any other relief) sought in their

Prayer for Relief. *See id.* at 23. As this Circuit has concluded, a motion for

judgment on the pleadings fails when the defendants deny the allegations in its

answer since for purposes of a Rule 12(c) motion, "the denials and allegations of

the answer which are well pleaded must be taken as true." *Perez*, 775 F.3d at 1335;

*see also Beal*, 312 U.S. at 51; *U.S. v. Innovative Biodefense, Inc.*, No. SA CV 18-0996,

2019 WL 6971054, at *3. Defendants have controverted Plaintiffs' material

allegations, and that is sufficient to defeat Plaintiffs' Rule 12(c) motion. It is

therefore not Defendants' burden, as non-movants in response to a Rule 12(c)

motion, to demonstrate why their processing of records have been sufficiently

prompt under the statute.

Nonetheless, even if the Court were to scrutinize the merits of Plaintiffs'

arguments, there is no basis to award declaratory relief. Defendants do not deny

that they failed to meet the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i)

for initial responses to Plaintiffs' requests, but declaratory relief should not be

granted solely for such past failure. The Supreme Court has made clear that

declaratory relief is inappropriate when, as here, it would do no more than opine upon the validity of past action with no continuing effect. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Federal courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). Plaintiffs cannot show an entitlement to relief simply because Defendants' did not respond within the 20-day period. There is no question that any conceivable injury to Plaintiffs from the timing of Defendants' initial responses to their requests is in the past, and declaratory relief should therefore not be awarded.

Plaintiffs' argument that Defendants did not make responsive records "promptly available" is insufficient to justify declaratory relief. CRCL has already produced its documents and while ICE and OIG continue to process documents potentially responsive to Plaintiffs' requests which are not yet completed, ICE began producing documents for those requests in November 2023, and are continuing to do so on a rolling basis each month, while OIG will begin its production on March 1, 2024.[7] But more importantly, Plaintiffs have agreed to a rolling production schedule ending on December 31, 2024, and this Court has adopted it. Doc. 38. And several other courts have confirmed that producing

---

[7]    Plaintiffs were advised via email on February 7, 2024, that OIG would be making its first production on March 1, 2024, and did not express any concerns until the filing of the instant motion. Exhibit 3.

documents in this way "accords with the purpose of the statute, which favors prompt release of responsive documents." *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. CIVS-06-2845 LKK/JFM, 2008 WL 2523819, at *15 (E.D. Cal. June 20, 2008); *see also Califano v. Wampler,* 588 F.Supp. 1392, 1395 n.2 (D. Ill 1984)(same); *Hilton v. FBI,* 527 F.Supp. 223, 225 (D. Pa. 1981)(same). Indeed, "it is preferable for an agency to release documents to a requester on a rolling basis, as they are determined to be responsive to the request." *South Yuba,* 2008 WL 2523819, at *15.

Contrary to Plaintiffs' contention, Defendants have processed and continue to process Plaintiffs' requests as quickly as practically possible in view of their resources, and are providing non-exempt records to Plaintiffs on a monthly basis. Plaintiffs therefore cannot, and have not prevailed on a claim that Defendants have not made records promptly available.

Plaintiffs' request is essentially the same as those asserted in a similar case where the motion for judgment of the pleadings was denied in *Sabra v. US Customs and Border Protection*, No. 20-681 (CKK), 2021 WL 796166 (March 2, 2021). In *Sabra,* the plaintiff asked for essentially the same relief Plaintiffs seek here, *i.e,* for the court to order defendant to complete its search, review and production, and make records "promptly available" to her in the years since she sought them. *Sabra*, 2021 WL 796166, at *1; *compare* Doc. 42-10 at 2.   In denying Sabra's motion,

the *Sabra* court found that although plaintiff's motion for judgment on the

pleadings relies on the defendant's purported failure to comply with FOIA's

timing requirements, and defendants admitted that it had not issued a final

response to plaintiff's FOIA request at the time of the complaint, "that alone does

not warrant judgment in plaintiff's favor." *Sabra*, 2021 WL 796166, at *4 (citing

*Hainey v. Dep't of Int.*, 925 F. Supp. 2d 34, 42 (D.D.C. 2013) ("While the Court

agrees that the Department's responses were untimely under the statute, the

Department's untimely responses, in and of themselves, do not entitle Hainey to

judgment in her favor."); *Richardson v. Dep't of Justice,* 730 F.Supp.2d 225, 231–32

(D.D.C. 2010) ("The timing of an agency's release of records responsive to a FOIA

request does not determine whether the agency has complied with its obligations

under the FOIA.").

In their motion, Plaintiffs cite no supporting cases for their argument that

they are entitled to declaratory relief based on Defendants' failure to timely

respond to their request for expedited processing, or its purported failure to make

records "promptly available." *See* MJOP at 19-23.  Plaintiffs rely on the Ninth

Circuit's opinion in *Zemansky v. USEPA*, 767 F.2d 569, 572 (9th Cir. 1985), but

*Zemansky* did not address the "promptly available" requirement.  It actually

affirmed the district court's decision to grant summary judgment to EPA after

finding that EPA performed an adequate search.  *Zemansky*, 767 F.2d at 572.  As

for *Gilmore v. U.S. Dept. of Energy,* 33 F.Supp.2d 1184, 1188 (N.D. Cal. 1998), the other case Plaintiffs rely on, this case did not address the "promptly available" requirement either, but the district court asserted jurisdiction after finding that the Department of Energy had a pattern or practice of untimely responding to FOIA requests. *Gilmore,* 33 F.Supp.2d at 1188. But Defendants have not engaged in a pattern or practice of untimely responses here. To the contrary, Defendants have each completed their searches, CRCL has responded, ICE is making its monthly rolling production, and OIG will start their rolling production on March 1, 2024, as previously agreed by the parties.

At a minimum, the above comparison of the pleadings and review of the applicable caselaw shows that a dispute of fact exists over whether Defendants' processing has been sufficiently prompt; therefore, judgment on the pleadings is not appropriate. Fed.R.Civ.P 12(c). Granting Plaintiffs' request for partial judgment on the pleadings would be inappropriate at this juncture in light of Defendants' denials in the Answer, Plaintiffs' failure to squarely assert a claim based on the FOIA's "promptly available" provision, and, because Defendants have been releasing records since November 2023 for those requests not yet completely processed. And once Defendants provide their final responses to Plaintiffs' FOIA requests, their requests will be moot absent any challenges. *See Brown v. U.S. DOJ,* 169 Fed.Appx 537 (11th Cir. 2006) (issue moot after requester

received documents); *Lovell v. Alderete*, 630 F.2d 428, 430-31 (5th Cir. 1980)(holding issue was moot when plaintiff received documents sought even though agency provided them in an untimely fashion); *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013) ("Once an agency has made its final determination under § 552(a)(6)(A), the timeliness of that determination is no longer a live controversy fit for judicial review.").[8]

In sum, Plaintiffs' own arguments fail to establish why a motion for judgment on the pleadings should be considered during this stay, or why this Court should abandon the case management schedule previously agreed to by the parties. Plaintiffs have not established that Defendants violated the FOIA's

---

[8]   To the extent Plaintiffs also seek a rolling *Vaughn* index, which would require Defendants to produce a *Vaughn* index at the same time it is making a production, this request should be rejected as contrary to this Court's Order, that *one Vaughn* index be produced on January 31, 2024, after Defendants' production is complete. Doc. 38; *see also* Doc. 27. As it relates to OIG specifically, OIG has not yet made its first production, so Plaintiffs' request for a *Vaughn* index is premature. *See Cohen v. FBI*, 831 F. Sup. 850, 854-55 (S.D. Fla. 1993)(finding that the request for a *Vaughn* index is premature because no documents have been withheld, and further finding a *Vaughn* index will be required if the defendants claim that certain records are exempt from disclosure when the processing is complete). Although ICE is undergoing its production, courts still have denied similar requests for *Vaughn* indices prior to a decision on summary judgment. *Am. Fed'n of Emps. Loc. 527 v. ICE*, No. 1:21-cv-21992-KMM, 2022 WL 3586423, at *2 (S.D. Fla. March 27, 2022); *Scott v. Treasury Inspector General*, No. 18-80366, 2018 WL 3689095, at *2 (S.D. Fla. June 20, 2018). Plaintiffs lost their ability to challenge CRCL's production by failing to exhaust administrative remedies for the reasons set forth above. *See supra* at 10.

"promptly available" requirements, and their request for relief is redundant to what Defendants have already agreed to do.  Instead, the parties should proceed as directed in this Court's January 11, 2024, Order, which has stayed all other applicable deadlines, except as set forth therein, to allow ICE and OIG to focus on its production efforts for Plaintiffs without delay.  Doc. 38.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Partial Judgment on the Pleadings.

Respectfully submitted this 29th day of February 2024.

> RYAN K. BUCHANAN
> UNITED STATES ATTORNEY
>
> *s/Melaine A. Williams*
> MELAINE A. WILLIAMS
> ASSISTANT U.S. ATTORNEY
> Georgia Bar No. 057307
> 600 Richard B. Russell Bldg.
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303
> (404) 581-6063 (telephone)
> (404) 581-4667 (facsimile)

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing

motion and brief have been prepared using Book Antiqua, 13 point font.

*/s/ MELAINE A. WILLIAMS*
MELAINE A. WILLIAMS
*Assistant United States Attorney*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 29, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will automatically send

email notification of such filing to counsel of record:

This 29th day of February, 2024.

*S/Melaine A. Williams*
_____
Melaine A. Williams
Assistant U.S. Attorney